## CHARLES KOWALKA v. THE COMMON COUNCIL OF THE VILLAGE OF ST. JOSEPH.

*Municipal corporations—Negligence—" Culvert " defined.*

1. A culvert, as commonly known and designated, is an arched and covered drain, running across and under the road, to carry the water across from one side to the other of the road.

2. In this case it is held that a ditch or drain running along the side or on the outer edge of a village street, where it served the purposes of a gutter or ordinary road-side ditch, did not become a culvert within the meaning of Act No. 244, Laws of 1879, by being covered, and used and maintained as a sidewalk.

Error to Berrien. (O'Hara, J.) Heard · October 19, 1888. Decided January 18, 1889.

Case. Defendant brings error. Reversed without new trial. The facts are stated in the opinion.

*L. C. Fyfe* and *N. A. Hamilton,* for appellant.

*A. H. & C. B. Potter* (*Clapp & Bridgman,* of counsel), for plaintiff.

MORSE, J.    Main street in the village of St. Joseph runs north to the St. Joseph river.    Next to it, on the west, is State street, which also runs to the river.    Near the top of the bluff where the streets descend to the river is Port street, which runs at right angles across these streets.    At State street it was of usual width, but its north line does not run parallel with its south line, but diverges to the north, so it is wider where it crosses Main street.    Within a few years a fence was run along the bluff parallel with the south line of Port street, leaving the surplus width at the point where it crosses Main street in a park.    Main street, after it crosses Port street, descends to the river.    On the west side of Main street, as it descends, there is quite a steep bank, sloping east from the bluff or inclosed park.    Along the west side of Main street, south of Port street, there has been maintained by the village for over 20 years a ditch or drain to carry off the surplus water.    It crosses Port street, and continues on the west side of Main street until it reaches a point opposite a street running easterly from Main street, and called " Second Street."    Here it crosses Main street, and then is carried down to the river on the east side of Main street.    This drain was built of timbers and plank about 20 inches deep.    Where it passes on the west side of Main street it is covered with plank five feet wide, and used as sidewalk.    It was sunk beneath the surface of the street, and covered with plank, and was on a level with the road.    This gutter, drain, or ditch was built and has been maintained by the village, as was also the sidewalk.

On the night of March 27, 1886, about 9 o'clock, the plaintiff, following this sidewalk cover of the drain, to his

home or boarding place, stepped into a hole in the plank-
ing, and was injured. This hole was caused by a broken
plank, and had existed for five or six months. It had been
brought to the knowledge of the village authorities, so
that there had been sufficient time in which to have
repaired it before the accident. The hole was north of
and outside of the ordinary width, 66 feet, of Port.
street, and on the west side of Main street, south of the
point where the gutter or ditch crosses the street.

The plaintiff sued for this injury. His declaration con-
tained two counts,—one averring the injury received
through a defective sidewalk, and the other by reason of
a defective *culvert*. On the first trial the plaintiff adopted
the sidewalk theory; on the last trial he relied on the
count that alleged the place of injury to have been a cul-
vert. He recovered a judgment of $600.

Several errors are assigned, but, in the view we take
of the case, it is sufficient to notice one of them. If
the place where the injury occurred is not a culvert, the
plaintiff has no case. At the time the accident hap-
pened there was no valid law creating any liability
against defendant for an injury resulting from a defective
sidewalk. We are satisfied that this covered drain used
as a sidewalk was not a culvert, within the meaning of
that term as used by the Legislature in the act of 1879..

The court below submitted to the jury, under instruc-
tions defining what constituted a culvert, the question
whether this ditch or drain at the place where plaintiff
fell in was a culvert. The statute, we think, must not
be loosely or too liberally construed, as against cities and
villages. They were not liable at common law, and a.
statute creating a liability not known to the common
law must be strictly construed. This was not a culvert
in the common acceptation of the term. A "culvert,"
as commonly known and designated, is an arched and

covered drain, running across and under the road, to carry the water across from one side to the other of the road. When this ditch crossed Port street, or Main street, it became, perhaps, and most likely, a culvert. In such places it would meet the common understanding of a culvert. But when it ran along the side or on the outer edge of the street, where it served the purposes of a gutter or ordinary road-side ditch, the fact that it was covered, and used and maintained as a sidewalk, could not make it a culvert.

An examination of a large number of scientific dictionaries confirms us in the view here taken. A culvert is said to be, like a bridge or viaduct, an arched drain to carry water under a road from one side to the other; and Webster defines it as " an arched drain for the passage of water *under* a road or canal." It is not often, if ever, that such a drain runs under the road or canal, and in the same direction.

The drain in question here ran along-side the Main street, on the west side, to carry the surplus waters to the river. Where it crossed Port street it was undoubtedly a culvert, and one falling into it, and injured thereby, upon that street, could recover. The same may be said where it crosses Main street. But where it ran along Main street, on either side of it, the village was not obliged to cover it, or maintain it covered, for street purposes. The traveling public could not have found fault had it been kept as an open gutter. It was planked for sidewalk purposes, and not as a culvert. It cannot be considered as a " culvert " without enlarging the meaning of that word, as commonly used and known, not only by the general public, but by engineers and other scientific authority.

The judgment of the court below is reversed, with costs of both courts. A new trial is not deemed necessary, as

in no event can the plaintiff recover under his declara-
tion.

CHAMPLIN, CAMPBELL, and LONG, JJ., concurred.
SHERWOOD, C. J., did not sit.